**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.: EDCV 17-975-BRO (GJS)     Date: August 15, 2017

Title: Joshua James Lindsey v. C. Schumer

---

DOCKET ENTRY:  Order To Show Cause Re: Dismissal

---

PRESENT:

      Hon. Gail J. Standish, United States Magistrate Judge

| Earlene Carson | N/A |
|---|---|
| Deputy Clerk | Court Report/Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:  ATTORNEYS PRESENT FOR RESPONDENT:

N/A     N/A

## PROCEEDINGS (In Chambers):

On May 12, 2017, Petitioner filed a 28 U.S.C. § 2254 habeas petition in EDCV 17-956-BRO (GJS) ("First Petition"). The First Petition states that it is challenging a 2014 conviction Petitioner sustained on January 9, 2014, in San Bernardino Superior Court Case No. WHCSS 140253, and his related 11-year sentence imposed on January 23, 2014. (Petition at 2-3; *see also* ECF #1 at p. 9.) A motion to dismiss the First Petition on two grounds (timeliness and lack of exhaustion) is pending.

On May 17, 2017, Petitioner filed another Section 2254 habeas petition by instituting this action ("Second Petition"). The Second Petition states that it is challenging a January 9, 2014 conviction sustained in Case No. FSB 1305511, and Petitioner's related two-year sentence imposed that date, which is to be served concurrently with an 11-year sentence imposed on December 18, 2013, in Case No. FSB 1304509, which was suspended. (*See* ECF #1 at p. 12.) Respondent has moved to dismiss the Second Petition (Dkt. 11, "Motion"), arguing that the First Petition and the Second Petition are duplicative, because the Second Petition raises two claims that are among the five claims alleged in the First Petition.

In an Order that issued on July 10, 2017 (Dkt. 12, "July 10 Order"), the Court noted the above matters and that it likely would agree with Respondent that the Second Petition is duplicative of the First Petition *if* the Second Petition were challenging the *same* conviction at issue in the First Petition. The July 10 Order further observed, however, that it is unclear the two habeas petitions are challenging the same conviction and sentence, and the Court concluded that the record needs to be clarified before further action on the Motion can be taken. The July 10 Order directed Petitioner to file a document entitled "Clarification," by no later than July 31, 2017, in which he was required to clarify the <u>specific</u> conviction(s) being challenged by the First Petition and the Second Petition. As the July 10 Order stated: "If the convictions being challenged by the two habeas cases are different, Petitioner must clearly identify them and explain why they are different. If the Convictions being challenged by the two habeas cases are, in fact, the same, Petitioner must show why they are the same even though they bear different trial court numbers and carry different sentence lengths."

It is now 15 days past the deadline established by the July 10 Order and Petitioner has neither filed the required Clarification nor sought an extension of time to do so. Petitioner's noncompliance with the July 10 Order has rendered assessment of the Motion – and further proceedings in this case – difficult if not impossible, given the uncertainty regarding just which conviction and sentence are at issue in this case.

Accordingly, **by no later than September 5, 2017**, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed, without prejudice and and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute and to comply with court order. If Petitioner wishes this action to proceed, he shall file and serve a Response to this Order To Show Cause by the foregoing deadline that adequately explains his noncompliance with the July 10 Order. Alternatively, Petitioner may discharge this Order To Show Cause by filing and serving the Clarification directed by the July 10 Order.

Petitioner is cautioned that a failure to timely comply with this Order shall be presumed to be an acknowledgement that he no longer wishes to pursue this action and that it may be dismissed without prejudice. If Petitioner does not comply with this Order by the September 5, 2017 deadline, the Court will recommend to the United States District Judge such a dismissal of this action.

**IT IS SO ORDERED.**